IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Fred Williams, Jr.            :

    Plaintiff,             :

  v.                         :    Case No. 2:06-cv-0891

John S. Dean, et al.,         :    JUDGE HOLSCHUH

    Defendants.            :

<u>REPORT AND RECOMMENDATION</u>

    Plaintiff, Fred Williams, Jr., a state prisoner, filed this action against the warden, a unit manager, and a maintenance supervisor of the Southeastern Correctional Institution in Lancaster, Ohio.  He originally filed his complaint in the Western Division of this Court, but because all of the defendants are employed at an institution located in the Eastern Division of the Court, the case was transferred to the Eastern Division.  The Court subsequently denied Mr. Williams' request to proceed *in forma pauperis*, and he paid the filing fee.  Even when the entire filing fee has been paid, 28 U.S.C. §1915A requires the Court to review a complaint filed by a state prisoner against employees of a state institution in order to determine whether it is frivolous or states a claim upon which relief can be granted.  If it is frivolous, or if it does not contain a viable claim, the Court is required to dismiss it without ordering service of process on the defendants.

    According to Mr. Williams' complaint, he continues to suffer pain and disability from a fall which occurred at the Southeastern Correctional Institution on an unspecified date.  Mr. Williams asserts that the fall was caused by the negligence of institutional employees because they were aware of a leak in

the roof of his unit, knew that the floor was wet, but placed no caution signs around the wet surface.  Mr. Williams received medical treatment for his injuries on several occasions but, as he states, "the ongoing problem is continuous pain that Mr. William [sic] suffers from this irresponsible, negligence on the injuries he suffered."  He asserts that this "negligence has greatly diminished his future earnings," complaint at 5, and he requests compensatory damages in the amount of $250,000 for the negligence which occurred.

   A federal court is a court of limited jurisdiction.  Under Article III of the United States Constitution, a federal court has jurisdiction to hear only certain kinds of cases.  Those cases do not include an action by a citizen of a state against other citizens of the same state in which a common-law tort such as negligence is alleged.  Consequently, to the extent that Mr. Williams is attempting to sue the defendants for negligence under state law, this court simply lacks jurisdiction to entertain that claim.

   Because the defendants are employees of the State of Ohio, Mr. Williams may be attempting to assert a federal constitutional claim under 42 U.S.C. §1983, a statue which allows persons acting under color of state law to be sued if they have deprived someone of a constitutional right.  Although the Court has jurisdiction over such claims, a §1983 claim is not available when the basis of the action is mere negligence.  This precise question was presented to the United States Supreme Court in Daniels v. Williams, 474 U.S. 327 (1986), and the Court held that negligence will not support a §1983 claim.  In reaching that decision, the Supreme Court noted that "[h]istorically, [the constitutional] guarantee of due process has been applied to *deliberate* decisions of government officials to deprive a person of life, liberty or property" and that "[t]o hold that injury caused by [negligent]

conduct is a deprivation within the meaning of the Fourteenth Amendment would trivialize the centuries-old principal of due process of law." Daniels, 474 U.S. at 331-32.  As the Court of Appeals for the Sixth Circuit has observed, "the Fourteenth Amendment was not adopted to constitutionalize the law of negligence for state employees."  Nobles v. Brown, 985 F.2d 235, 236 (6th Cir. 1992).

Mr. Williams' complaint, to the extent that it states a cause of action under Ohio law for negligence, may not be maintained in this Court because the Court lacks jurisdiction over such a claim.  To the extent that the complaint attempts to state a claim under 42 U.S.C. §1983, it does not do so because negligence does not support a §1983 claim.  Thus, the Court either lacks jurisdiction over this case or the complaint is subject to dismissal because it fails to state a claim upon which relief can be granted.  Consequently, it is recommended that this action be dismissed under 28 U.S.C. §1915A.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. Section 636(b)(1).

The parties are specifically advised that failure to object to

the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).

<u>/s/ Terence P. Kemp</u>
United States Magistrate Judge
