IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Fred Williams, Jr.              :

    Plaintiff,              :

  v.                             :     Case No. 2:06-cv-0891

John S. Dean, et al.,           :     JUDGE HOLSCHUH

    Defendants.             :

<u>MEMORANDUM AND ORDER</u>

    This case was filed by a state prisoner against three employees of the Southeastern Correctional Institution in Lancaster, Ohio, seeking compensation for injuries which he suffered as a result of a fall at the institution. The Magistrate Judge has filed a Report and Recommendation recommending that the case be dismissed. Mr. Williams, the plaintiff, has filed objections. For the following reasons, and after a <u>de novo</u> review of the record, the objections will be overruled and the case will be dismissed.

    The basis of the recommendation that the case be dismissed is that Mr. Williams' complaint alleges only negligence. As the Report and Recommendation explains, if the claim of the complaint is construed as a state law claim, the Court has no jurisdiction over it because the parties are all residents of the State of Ohio. If, on the other hand, Mr. Williams has attempted to state a federal constitutional claim, the Supreme Court's decision in <u>Daniels v. Williams</u>, 474 U.S. 327 (1986) precludes liability under 42 U.S.C. §1983 for state officials' negligence.

    In his objections, Mr. Williams asserts that he "is not filing this action claiming negligence," because he "has already won his claim of negligence against the Defendant's (sic)." In

support of that contention, he supplied the Court with a copy of a decision from the Ohio Court of Claims rendered in a case which Mr. Williams filed against the Ohio Department of Rehabilitation and Correction.  That decision found that although the Department may have been negligent in either creating or failing to remedy a condition of standing water which caused Mr. Williams to slip, the danger was open and obvious and that Mr. Williams was more than fifty percent responsible for his injury.  As a result, judgment was entered against him, and that judgment was affirmed on appeal.  See Williams v. Ohio Department of Rehabilitation and Correction, 2004 WL 2521298 (Ohio Ct. Cl. October 6, 2004), aff'd 2005 WL 1274207 (Franklin Co. App. May 31, 2005).  Mr. Williams also asserts in his objections that he is attempting to hold the defendants in this case responsible for negligence by finding them liable for his injuries.

It is impossible to conclude from Mr. Williams' complaint and his objections that he is attempting to attach liability to these defendants for anything other than negligence.  Although he appears to make a distinction between the negligence which caused his fall and the injury which he suffered as a result of the fall, the very purpose of the negligence doctrine is to hold parties responsible for injuries caused by their negligence.  The two simply cannot be separated.  Consequently, the Magistrate Judge correctly concluded that any §1983 claim which Mr. Williams may be asserting is barred by Daniels v. Williams.

Mr. Williams' objections also reveal two additional bases for dismissing this case.  First, he litigated this same claim against the Ohio Department of Rehabilitation and Correction in the Ohio Court of Claims.  The defendants, as employees of the Department, cannot now be sued individually because Mr. Williams' filing of the case in the Ohio Court of Claims constituted a waiver of any claims against those individuals.  See Ohio Revised

Code §2743.02(A)(1) ("filing a civil action in the Court of Claims results in a complete waiver of any cause of action, based on the same act or omission, which the filing party has against any [state] officer or employee...."). Further, the Court of Claims decision reveals that the incident in question occurred in 2003. Mr. Williams' federal complaint was filed more than two years after that date and is therefore barred by the applicable two-year statute of limitations. See Browning v. Pendleton, 869 F.2d 989 (6th Cir. 1989).

For all of the above reasons, plaintiff's objections to the Magistrate Judge's Report and Recommendation are OVERRULED and the Report and Recommendation is ADOPTED. This action is DISMISSED for failure to state a claim upon which relief can be granted. The Clerk is directed to mail a copy of the complaint, the Report and Recommendation, and this order to the defendants.

Date: March 23, 2007        **/s/ John D. Holschuh**
                            John D. Holschuh, Judge
                            United States District Judge

3